IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Sherrie Davis, individually and on behalf of others similarly-situated,** § § § | |
| **Plaintiff,** § § | |
| v. § | |
| § | Civil Action No. 4:16-cv-655 |
| **KapStone Container Corporation,** § | |
| **Victory Packaging, L.P.** § | |
| **Defendants.** § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Sherrie Davis, on behalf of herself and others similarly-situated files this Original Complaint, and states:

### I.     NATURE OF SUIT

1.     The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.     Defendants failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was not paid time-and-one-half of her regular rate of pay for all hours

worked in excess of 40 hours per workweek. Rather, Defendants misclassified Plaintiff as exempt from the requirements of the FLSA and paid her primarily on a salaried basis and without regard to the number of hours Plaintiff actually worked. Additionally and approximately one year ago and in 2015, Defendants converted Plaintiff and similarly situated Potential Plaintiffs to non-exempt, hourly-paid workers; however, still paid Plaintiff and Potential Plaintiff without regard to the number of hours Plaintiff actually worked, requiring these individuals to perform numerous uncompensated "off-the-clock" hours, continuing their unlawful practice.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Plaintiff Sherrie A. Davis was employed by Defendants within the meaning of the FLSA. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

5. The Plaintiff and Class Members are Defendants' current and former "Purchasing Specialists" (or individuals who performed similar duties but were employed under distinct titles) and were paid primarily on salaried basis and/or not compensated for all hours worked, including overtime hours.

6. Defendant Victory Packaging, L.P. ("Victory") conducts business in this District and throughout Texas and can be served with process by and through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Services Company at 211 E. 7th Street, Suite 620, Austin Texas 78701-3218.

7. Defendant KapStone Container Corporation ("KapStone") conducts business in this District and throughout the United States and can be served with process by and through its registered agent, Prentice Hall Corporation System at 211 E. 7th Street, Suite 620, Austin Texas 78701-3218.

### III.  JURISDICTION AND VENUE

8. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

9. Venue is proper in this District of Texas because the events forming the basis of the suit occurred in this District and one or more of the Parties resides in this District.

### IV.  COVERAGE

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

11. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### V.  FACTUAL ALLEGATIONS

15. Defendants do more than $500,000 per year in business. Defendant KapStone purchased Defendant Victory in approximately 2015 and took over Victory's operations, including overseeing the schedule, compensation scheme, and the employ of Plaintiff and the Potential Plaintiffs. At all times, covered by this lawsuit, Defendants practices have violated the FLSA as stated herein.

16. Plaintiff has been employed by Defendants during the three years prior to the filing of this lawsuit and since approximately 2001.

17. More particularly, Plaintiff has been employed as a "Purchasing Specialist" for Defendants. In this capacity, Plaintiff was primarily responsible for purchasing Defendants' products.

18. Plaintiff was responsible for other routine and nondiscretionary duties associated with providing Defendants' services to Defendants' clients. Plaintiff did not exercise independent judgment and discretion in performing these job duties but was subject to Defendants' guidelines, command and control.

19. In this capacity, Plaintiff regularly worked in excess of 40 hours per week throughout her time of employment with Defendants; however, Defendants did not pay Plaintiff time-and-one-half the regular rate of pay for all of the hours that she worked over 40 hours per week. Approximately one year ago and in 2015, Defendants converted Plaintiff and similarly situated Potential Plaintiffs to non-exempt, hourly-paid workers; however, failed to pay these workers for all hours worked, continuing their unlawful practice.

20. It is believed that the conversion from salary to hourly came because Defendants were audited, investigated, or otherwise received complaints putting them on notice that their practices

violated the FLSA. Despite such notice, Defendants' unlawful practices have continued; therefore, Defendants have willfully violated the law.

21. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Plaintiff.

## VI.   COLLECTIVE ACTION ALLEGATIONS

22. During the period from three years prior to the filing of this suit until the filing of this suit, Defendants employed other individuals in a similar purchasing capacity as Plaintiff in that it paid these workers without regard to the number of compensable hours actually performed by paying them on a salary basis or otherwise paid them on an hourly basis but required them to work uncompensated overtime hours "off-the-clock." The Class Members regularly worked more than 40 hours in a workweek but did not receive overtime pay. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

23. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. Although Defendants require them to perform similar duties, the precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job title, requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

24.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members as set forth in ¶ V.

### VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25.     During the relevant period, Defendants violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendants has acted willfully in failing to pay Plaintiff in accordance with the law.

### VIII.   RELIEF SOUGHT

26.     WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

   a.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

   b.     For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c.     For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

        d.        For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

        e.        For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ J. Derek Braziel
**J. DEREK BRAZIEL**
*Attorney in Charge*
State Bar No. 00793380
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010
Email: jdbraziel@l-b-law.com

and

**JILL J. WEINBERG**
State Bar No. 2108440
**WEINBERG LAW FIRM, PLLC**
6425 Willow Creek Drive
Plano, Texas 75093
Telephone: (972) 403-3330
Facsimile: (972) 398-8846
Email: jillwlfirm@gmail.com

**ATTORNEYS FOR PLAINTIFF**